IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES McCRAY, | : | |
| | : | Civil Action No. 4:CV-06-00937 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DAUPHIN COUNTY PRISON and KIRK BOYLSTEIN | : | |
| | : | |
| | : | (Magistrate Judge Smyser) |
| Defendants. | : | |

**O R D E R**

December 5, 2006

**BACKGROUND:**

On May 5, 2006, plaintiff James McCray, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.[1]  McCray also filed an application to proceed in forma pauperis.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.  On May 19, 2006, after an initial screening of the complaint, the magistrate judge issued an order directing plaintiff to file an amended complaint.  The plaintiff did so on June 14, 2006.  On June 21, 2006, the magistrate judge

---

[1] Since the filing of the initial complaint, plaintiff has been released from custody.  Nevertheless, his cause of action remains.

1

directed the clerk of court to serve the amended complaint on the defendants.

Evidently, there was some trouble serving the complaint upon the defendants. Despite the lack of service, plaintiff filed a motion for default judgment on August 7, 2006. On September 22, 2006, defendant Boylstein finally waived personal service.

On November 13, 2006, both defendants filed a motion to dismiss/motion for summary judgment. This order, however, only addresses plaintiff's motion for default judgment.

On November 15, 2006, the magistrate judge issued a three-page report recommending that plaintiff's motion for default judgment be denied. The time for objecting to this recommendation has passed. Now, for the following reasons, we will adopt the magistrate judge's report and recommendation in full and deny plaintiff's motion for default judgment.

**DISCUSSION:**

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. Rule 55(a) allows for default to be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . ." Rule 12 governs the time for serving a response. It requires a response within twenty days after being served with summons and complaint or

sixty days if service has been timely waived. Fed. R. Civ. P. 12(a)(1).

Here, defendant waived service on September 22, 2006. Then, defendant responded to the plaintiff's complaint on November 13, 2006 by filing a motion to dismiss/motion for summary judgment. This was within the sixty-day period provided by Rule 12(a)(1). As such, there is no basis to enter default or grant default judgment. Therefore, we will deny plaintiff's motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in full. (Rec. Doc. No. 19-1.)

2. The plaintiff's motion for default judgment is DENIED. (Rec. Doc. No. 18).

3. The case is remanded to the Magistrate Judge for further proceedings.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge